IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA LEE RIVERA, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:24-cv-0333-JDW |
| : | |
| TRANSUNION LLC, : | |
|     Defendant. : | |

## MEMORANDUM

Rebecca Rivera has filed a Complaint against TransUnion LLC for violating her rights under the Fair Credit Reporting Act. She also seeks leave to proceed *in forma pauperis*. I will grant her leave to proceed without paying the required fees, and I will dismiss her Complaint because it lacks enough detail to state a plausible claim. I will give her an opportunity to file an amended complaint with more information.

I.      FACTUAL ALLEGATIONS

Ms. Rivera claims that TransUnion violated her consumer rights on "June 2020, June 29, 2020, October 8, 2021, January 4, 2023, March 11, 2023, and January 2024." (ECF No. 1 at § III.B.) She "tried multiple times to get inaccurate information deleted and updated but TransUnion has not complied with the law." (*Id.* at § III.C.) Ms. Rivera "sent out multiple letters" and "made verbal, written and official complaints that are all documented." (*Id.*) She contacted the Consumer Financial Protection Bureau, the Federal Trade Commission, and spoke with multiple TransUnion representatives.

Ms. Rivera describes the inaccuracies on her credit report as "the inclusion of outdated addresses, former employers, and other personal information that no longer accurately reflects [her] current circumstances." (*Id.* at p. 6.) She submitted a "comprehensive request, supported by all required documentation" on June 29, 2020. (*Id.*) TransUnion removed and updated the disputed information. However, on October 8, 2021, upon initiating the homebuying process, she discovered that "the previously corrected information had resurfaced without proper verification." (*Id.*) It is unclear whether she contacted TransUnion at that time to dispute the inaccuracies, but "it was not until January 4, 2023, that my credit reporting journey resumed after experiencing delays and insufficient investigative measures." (*Id.*) Ms. Rivera submitted a detailed dispute with supporting documentation on January 5, 2023. (*Id.*) Ms. Rivera's "recent review of the report indicates that the inaccuracies previously purportedly 'verified,' continue to be reported as of July 2020 and April 1, 2023." (*Id.*) During an online chat with TransUnion on March 11, 2023, someone assured her that TransUnion would take corrective action, but as of January 2024, the inaccuracies persist.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. See *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the Complaint states a claim on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.     DISCUSSION

#### A.     *In Forma Pauperis*

Ms. Rivera has completed the form on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that she cannot afford to pay the filing fees. Her application to proceed *in forma pauperis* demonstrates that she lacks the income or assets to pay the required filing fees. Therefore, I will grant her leave to proceed *in forma pauperis*.

#### B.     **Plausibility Of Claims**

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In the language of the FCRA, consumer reporting agencies

3

"collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

The FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). If a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy

4

had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was inaccurate. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Id.* at 345 (citation omitted). Also, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

Ms. Rivera has not alleged a plausible claim against TransUnion under the provisions of the FCRA pertaining to consumer reporting agencies.  First, the allegations in Rivera's Complaint are undeveloped.  While she claims that she notified TransUnion of inaccuracies in her credit report at various times, she does not identify the alleged inaccuracies.  A Complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim. *See Glover v. FDIC*, 698 F.3d 139, 147 (3d Cir. 2012).  Ms. Rivera has not pled enough facts describing what inaccurate information was included in her consumer report, nor has she alleged any facts about how the information was inaccurate.

In addition, while Ms. Rivera asserts that TransUnion failed to comply with the statutory requirements of the FCRA, her allegations concerning TransUnion's actions, or lack thereof, are conclusory because they offer only labels and conclusions, not factual detail to make the claim plausible. *See Iqbal*, 556 U.S. at 678. And it's not enough for Ms. Rivera to attach a mass of exhibits to her Complaint without specifying in the Complaint the conduct about which she's complaining. *See Doblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006).

## IV.   CONCLUSION

Ms. Rivera's Complaint falls short of providing sufficient factual allegations to state a plausible claim. It therefore cannot stand. I will therefore dismiss the Complaint without prejudice. I will give Ms. Rivera leave to file an amended complaint in the event she can state a plausible basis for a claim against TransUnion. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

February 22, 2024