IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA LEE RIVERA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:24-cv-0333-JDW |
| | : | |
| TRANSUNION LLC, | : | |
|     Defendant. | : | |

## MEMORANDUM

Rebecca Lee Rivera claims that TransUnion includes inaccurate information about her employment history in her credit report. Despite three bites at the apple, she has yet to identify what information in her credit report is false. She therefore can't proceed. And, given that she's had three tries, I conclude that any further amendment would be futile. So, I will dismiss her claims with prejudice.

I.     BACKGROUND

    A.     Factual Allegations

Ms. Rivera has continuously engaged in efforts to ensure the accuracy of her credit report, but "has faced recurring issues with outdated addresses and incorrect employment information." (ECF No. 22 at ¶ 5.) She contends that "this pattern of inaccuracies" violates the FCRA's requirement for accuracy and demonstrates TransUnion's failure to implement reasonable procedures to maintain accurate files. (*Id.*)

On October 8, 2021, "during a critical and significant financial transaction involving the home buying process," Ms. Rivera discovered that "previously corrected and

supposedly verified information about her employment had erroneously resurfaced on her credit report." (*Id.* at ¶ 6.) This "re-emergence of incorrect data occurred without any new verification by TransUnion, contravening 15 U.S.C. § 1681i(a)." (*Id.*) The presence of incorrect data on her credit report affected her ability to buy a home. Also, on January 4, 2023, Ms. Rivera sought to correct discrepancies in her TransUnion credit report and received an "inadequate" response. (*Id.* at ¶ 7.)

Ms. Rivera claims that TransUnion has consistently failed to use reasonable procedures to assure maximum possible accuracy of her credit report as mandated by 15 U.S.C. § 1681e(b). She also claims that TransUnion has failed to conduct a proper and timely reinvestigation of the disputed inaccuracies as required by 15 U.S.C. § 1681i(a). She seeks an injunction requiring TransUnion to ensure that all disputed inaccuracies are investigated and corrected, as well as monetary damages. (*Id.* at 5.)

I granted Ms. Rivera leave to proceed *in forma pauperis*. On initial screening, I dismissed the Complaint because it lacked enough detail to state a plausible claim, including failing to specify the alleged inaccuracies in the report. Ms. Rivera filed an Amended Complaint, and I directed service. TransUnion moved to dismiss, and I granted that motion on September 30, 2024. I explained that the Amended Complaint lacked detail to establish that the report has any inaccurate information in it. I also concluded that, to the extent TransUnion included inaccurate information about Ms. Rivera's name and address, that did not impact her creditworthiness.

Ms. Rivera filed a Second Amended Complaint ("SAC") on October 8, 2024. TransUnion again moved to dismiss. That motion is ripe for review.

## II.   STANDARD OF REVIEW

A district court may dismiss a complaint where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, a court must 'accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.'" *Doe v. Princeton University*, 30 F.4th 335, 340 (3d Cir. 2022) (citation omitted). A court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). To survive, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (internal quotation omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v.*

3

*Burr*, 551 U.S. 47, 52 (2007). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess[, *inter alia*,] a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[1]

Consumer reporting agencies must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section of the FCRA, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (quotation omitted).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). If a consumer disputes the completeness or accuracy of

---

[1] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868.

4

information contained in her file, then the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *See Cortez*, 617 F.3d at 713. A consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

As I have explained to Ms. Rivera, to proceed under either § 1681e(b) or § 1681i(a), she must allege that the reported information was in fact inaccurate. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up). "[I]nformation that is technically accurate but

5

materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citation omitted). A court must apply a reasonable reader standard to determine the accuracy of an entry in a report and consider whether the entry, read in the context of the report in its entirety, is inaccurate or ambiguous. *See id.* at 342.[2]

Although I granted Ms. Rivera leave to file a second amended complaint so that she could provide additional factual support for her allegations, she failed to do so. While Ms. Rivera alleges that her TransUnion consumer report contains inaccurate employment information, the allegations don't set forth facts describing how the information was inaccurate. Conclusory allegations of inaccuracy are not sufficient. *See Williams v. Experian Information Solutions, Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*). Ms. Rivera's SAC does not allege how the information at issue is inaccurate or even include facts to permit a reasonable inference that the employment information contained in her TransUnion consumer report is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024).

This has been Ms. Rivera's third try at stating a claim, and all of them have failed. I therefore conclude that any further attempt to amend would be futile. *See Jones v.*

---

[2] The "reasonable reader standard does not exclude unsophisticated creditors. … [T]he reasonable reader standard runs the gamut to include sophisticated entities like banks and less sophisticated individuals such as local landlords." *Bibbs*, 43 F.4th at 342.

*Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019). Therefore, I will dismiss her claims with prejudice.

## IV.   CONCLUSION

Ms. Rivera has not stated a claim, so I will dismiss her Second Amended Complaint. And because she's had enough attempts, I'll do so with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

January 10, 2024